NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| _____ | : | Hon. Joseph H. Rodriguez |
| LOUISIANA COUNSELING AND FAMILY SERVICES INC., et al., | : | Civil Action No. 08-6143 |
| Plaintiffs, | : | OPINION |
| v. | : | |
| MT. FUJI JAPANESE RESTAURANT, et al., | : | |
| Defendants. | : | |
| _____ | : | |

**RODRIGUEZ, J.**

These matters come before the Court on three motions. Plaintiffs move for default judgment pursuant to Fed. R. Civ. P. 55(b) as to Defendant Mt. Fuji Japanese Restaurant [Dkt. Entry No. 69] and Defendant Maggio's Pizza and Pasta [Dkt. Entry No. 70]. Plaintiffs also move for summary judgment pursuant to Fed. R. Civ. P. 56 as to Defendant Hello Gorgeous Salon [Dkt. Entry No. 71]. The Court has considered the written submissions of the parties without oral argument pursuant to Fed. R. Civ. P. 78. For the reasons set forth below, Plaintiffs's motions will be denied without prejudice.

## I. Background

### A. The Complaint

The present action was instituted on December 15, 2008 by Louisiana Counseling and Family Services, Inc. ("LCFS"), LCFS Access to All ("Access to All"), and Jeannette Brown for alleged violations of the Americans With Disabilities Act, 42 U.S.C. § 12101, et seq. ("ADA") and the New Jersey Law Against Discrimination, N.J. Stat. Ann. § 10:5-1, et seq. ("NJLAD") at multiple places of public accomodation located in the Plaza at 1450

Clements Bridge Road, Deptford, NJ.  [Dkt. Entry No. 1].  Named in the Complaint are

Defendants Mt. Fuji Japanese Restaurant ("Mt. Fuji"), Maggio's Pizza and Pasta

("Maggio's"), and Hello Gorgeous Salon ("Hello Gorgeous").[1]  Access to All is an

advocacy group affiliated with the nonprofit organization LCFS, "which advocates on the

part of the disabled to access buildings and prevent employment discrimination."

(Compl., ¶ 4.)  Jeannette Brown is a disabled individual and a member of Access to All

who resides at 4 Pine Terrace, West Berlin, NJ.  (Id.)  According to the Complaint:

> Our Plaintiff, JEANETTE BROWN, represents all of our many board
> members of ACCESS TO ALL, an advocacy group of disabled people and
> we select the more mobile disabled person to verify the ADA violations.
> Our purpose was not to stress, by going to court, our more seriously
> disabled men and women who are also represented in this ADA lawsuit as
> members of ACCESS TO ALL.  We therefore, after receiving an ADA
> complaint, send a member of our ACCESS TO ALL advocacy group, who is
> more mobile to verify the ADA violation.

(Id. at ¶ 7.)  Seemingly, Brown was sent to verify the complaints of a patron to these

properties who is not identified or named as a plaintiff in the Complaint.  Plaintiffs

allege that:

> JEANETTE BROWN has visited the property, as well as have other board
> members, which forms the basis of this lawsuit.  Furthermore, he [sic]
> plans to return to the property, as well as other board members, to
> available [sic] himself/herself [sic] of the goods and the services offered to
> the public at the property and also to assure himself/herself [sic] that this
> property was in compliance with the ADA.

(Id. at ¶ 9.)  The Complaint does not allege that Brown verified or encountered any

barriers personally; rather the Complaint merely alleges that Brown visited the three

properties.  Also, the Complaint does not state when Brown visited the properties, to

---

[1]Also named as Defendants in the Complaint were Pathmark Supermarket,
Family Dollar Store and Plaza at Deptford/Herbert Kunstadt Associates.

what extent she availed herself or attempted to avail herself of the goods and services

offered, any connection to the properties other than checking for ADA compliance, or

any specific plans to return.

      According to the Complaint, the following violations were identified at the Mt.

Fuji property by an unspecified person, on an unspecified date:

> (a) The sink pipes are not covered.  Exposed pipes must be covered to protect against contact.  Exposed pipes are a violation of 28 CFR Part 36-36.304 and Section 4.19.4 of the ADAAG.
>
> (b) Toilet stall door lock is broken and sliding bolt lock on top of broken lock is too difficult to maneuver.  This is a violation for your customers and current and future employees, of 4.17.4, ADA code of Federal regulations, 28 CFR part 36.
>
> (c) The front door pull weight is more than 5 pounds.  People in wheelchairs find it very difficult to open doors with a pull pressure of more than 5 pounds.  The excessive door pull weight is in violation of 28 CFR Part 36-36.304 and Section 4.13.11 ADAAG.
>
> (d) Faucet handles are not correct.  The sink knobs are round and are not easily operated by the disabled.  Large handles are required.  This type of handle is in violation of 28 CFR Part 36-36.304 and Section 4.19.5. of the ADAAG.

(Id. at ¶ 15.)  The following violations were identified at the Maggio's property, similarly,

by an unspecified person, on an unspecified date:

> (a) The sink pipes are not covered.  Exposed pipes must be covered to protect against contact.  Exposed pipes are a violation of 28 CFR Part 36-36.304 and Section 4.19.4 of the ADAAG.
>
> (b) Door to the restroom has a round knob and not a right angle door knob.  This is a violation of 28 CFR Part 36-36.304 and Section 4.13.9 of the ADAAG.  An "L" shaped handle, one with a right angle, is easier for the disabled to operate.
>
> (c) Restroom is not accessible because part of the stall is broken off.  This is in violation for [sic] your current and future employees, of 28 CFR § 36.304 and Sections 4.1.1(1), 4.1.3(11). [sic] ADA code of Federal

regulations, 28 CFR part 36.

> (d) There is no correct disabled accessible sign on the restroom door.  This is in violation of 28 CFR Part 36-36.304 and Sections 4.30 through 4.30.7 of the ADAAG.

(Id. at ¶ 23). Lastly, the following violations were identified at the Hello Gorgeous property:

> (a) There is no correct disabled accessible sign on the restroom door.  This is in violation of 28 CFR Part 36-36.304 and Section 4.30 through 4.30.7 of the ADAAG.
>
> (b) Door to the restroom has a round knob and not a right angle door knob.  This is in violation of 28 CFR Part 36-36.304 and Section 4.13.9 of the ADAAG.  An "L" shaped handle, one with a right angle, is easier for the disabled to operate.
>
> (c) There are no grab bars by the toilet seat back and side walls.  This is in violation of 28 CFR Part 36-36.304 and Sections 4.16.6, 4.17.6, 4.26.1 and 4.26.2 of the ADAAG.
>
> (d) There is no proper emergency flashing lights and alarm sound at the front door entrance.  This is in violation of 28 CFR Part 36-36.304 and Sections 4.28.1, 4.28.2 and 4.28.3 of the ADAAG.  A proper alarm system will assist the disabled to safely exit a building in the event of an emergency.

(Id. at ¶ 31.)

## B.  Procedural History

Defendants failed to timely answer the Complaint and Plaintiffs requested an entry of default on March 3, 2009 [Dkt. Entry Nos. 19, 22, 23].  On the same day, the Clerk of the Court entered default as to each Defendant for failure to appear, plead, or otherwise defend.  On July 30, 2009, Plaintiffs moved for default judgment as to the three Defendants [Dkt. Entry Nos. 44, 45, 46].  Hello Gorgeous filed an Answer to the Complaint on August 24, 2009 and opposed Plaintiffs' motion on September 3, 2009.

On January 19, 2010 the Court denied Plaintiffs' Motion for Default Judgment as to

Hello Gorgeous, noting the general disfavor for default judgments and that Plaintiffs'

ability to litigate the case was not prejudiced [Dkt. Entry No. 61].  On March 3, 2010, the

Court denied Plaintiffs' motions for default judgment as to Mt. Fuji and Maggio's, noting

that the Court was unable to determine whether service of process was proper and

ordering Plaintiffs to amend its proof of service or effectuate proper service within

twenty days [Dkt. Entry No. 63].  Plaintiffs submitted amended certificates of service as

to Mt. Fuji and Maggio's on March 15, 2010, but did not file renewed motions for default

judgment [Dkt. Entry No. 67].

Four months later, Plaintiffs filed a letter notifying the Court of a recent Third

Circuit decision that Plaintiffs contended was "cited at length in our pending motion for

default judgment" [Dkt. Entry No. 67].[2]  Over four more months past and, on November

29, 2010, a Notice of Call for dismissal was issued [Dkt. Entry No. 68].  Nearly two years

after filing the Complaint, on December 14, 2010, Plaintiffs moved for Default Judgment

as to Mt. Fuji and Maggio's and Summary Judgment as to Hello Gorgeous [Dkt. Entry

Nos. 69. 70, 71].

## II.  STANDING

Before the Court may reach the merits of the present motions, Plaintiffs must

establish that they have standing to invoke the power of a federal court.  See Lujan v

---

[2]No motions were pending before the Court on July 15, 2010 and the Court was unable to find the case cited in any of Plaintiffs' moving papers previously filed since the action was initiated on December 15, 2008.

<u>Defenders of Wildlife</u>, 504 U.S. 555 (1992).[3]  Standing is a threshold jurisdictional

requirement, derived from the "case and controversy" language of Article III of the

Constitution that embraces both constitutional and judicially self-imposed prudential

limitations on who may invoke the power of the federal courts.  U.S. CONST. art III, § 2,

cl. 1; <u>See</u> <u>Allen v. Wright</u>, 468 U.S. 737, 751 (1984).

To satisfy the irreducible constitutional standing requirements a plaintiff must

show:

> (1) it has suffered an "injury in fact" that is (a) concrete and particularized
> and (b) actual or imminent, not conjectural or hypothetical; (2) the injury
> is fairly traceable to the challenged action of the defendant; and (3) it is
> likely, as opposed to merely speculative, that the injury will be redressed
> by a favorable decision.

<u>Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.</u>, 528 U.S. 167, 180-81 (2000);

<u>accord</u> <u>Soc'y Hill Towers Owners' Ass'n v. Rendell</u>, 210 F.3d 168, 175-76 (3d Cir. 2000).

A plaintiff seeking prospective injunctive relief, as in this case, must also demonstrate a

"real and immediate threat" of repeated injury to satisfy the "injury in fact requirement."

<u>City of Los Angeles v. Lyons</u>, 461 U.S. 95, 111 (1983).  "Past exposure to illegal conduct

does not in itself show a present case or controversy regarding injunctive relief ... if

unaccompanied by any continuing, present adverse effects." <u>Lujan</u>, 504 U.S. at 564.  In

<u>Lujan</u>, the Court further stated that a plaintiff's intent to "some day" return to the source

of illegal conduct without any description of concrete plans does not support the

existence of the requisite "actual or imminent" injury.  <u>Id.</u>

---

[3] A federal court has an independent obligation to examine its own jurisdiction, if
the parties fail to raise the issue of standing, it may be addressed by the Court *sua
sponte* at any stage of the proceedings.  <u>See</u> <u>FW/PBS, Inc. v. City of Dallas</u>, 493 U.S. 215,
230-31 (1990)).

The general principles of standing are equally applicable in ADA cases where

plaintiffs bring suit seeking injunction relief for violations of Title III.[4]  See Doe v. Natl.

Bd. of Med. Examr's, 199 F.3d 146, 153 (3d Cir. 1999).  A plaintiff has standing to seek

injunctive relief under Title III only if the plaintiff has sufficiently demonstrated a past

injury in the form of ADA discrimination and the likelihood that the injury will be

repeated when the plaintiff returns to the place of discrimination.  See Camarillo v.

Carrols Corp., 518 F.3d 153, 158 (2d Cir. 2008); Pickern v. Holiday Quality Foods Inc.,

293 F.3d 1133, 1137-38 (9th Cir. 2002).   Although the Third Circuit has not explicitly

addressed the contours of the injury in fact requirement in ADA cases, it has stressed in

other contexts that "a [p]laintiff must suffer a palpable and distinct harm that must

affect the plaintiff in a personal and individual way."  Brown v. Showboat Atlantic City

Propco, LLC, Civ. No. 08-5145, 2010 WL 5237855, at *7 (D.N.J. Dec. 16, 2010) (quoting

Toll Bros., Inc. v. Twp. of Readington, 555 F.3d 131, 137 (3d Cir. 2009).  Thus, ADA

standing analysis should focus on whether the plaintiff suffered an actual injury rather

than whether the statute was violated by the Defendants.  See Doe, 199 F.3d at 153.

Courts in this District have routinely considered the following four factors to

determine whether a Title III plaintiff has alleged a threat of future injury that is

sufficiently concrete and particularized: (1) the plaintiff's proximity to the defendant's

---

[4] Title III of the ADA provides a private cause of action to persons subjected to disability discrimination in places of public accommodation. 42 U.S.C. §§ 12182(a), 12188(a)(2).  To state a claim under Title III a plaintiff must demonstrate that: (1) he or she was discriminated against on the basis of disability; (2) in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, accommodations of any place of public accommodations; (3) by any person who owns or operates a place of public accommodation.  42 U.S.C. § 12182(a); See Bowers v. Nat'l Collegiate Athletic Ass'n, 118 F.Supp. 2d 494, 514 (D.N.J. 2000).

place of public accommodation; (2) the plaintiff's past patronage; (3) the plaintiff's frequency of nearby travel; and (4) the definiteness of the plaintiff's plan to return. See, e.g. Brown, No. 08-5145, 2010 WL 5237855, at *8; Access 4 All, Inc v. Boardwalk Regency Corp., No. 08-3817, 2010 WL 4860565, at *3 (D.N.J. Nov. 23, 2010); Dempsey v. Pistol Pete's Beef N Beer, LLC, No. 08-5454, 2009 WL 3584597, at *4 (D.N.J. Oct. 26, 2009) ("An analysis of these factors enables the Court to appreciate the context of a plaintiff's standing allegations and sheds light on the question of whether the plaintiff is likely to return.").[5]

The party invoking federal jurisdiction bears the burden of establishing standing "in the same way as any other matter on which the plaintiff bears the burden of proof, i.e., with the matter and degree of evidence required at successive stages of the litigation." Lujan, 504 U.S. at 561; accord Focus v. Allegheny County Court of Common Pleas, 75 F.3d 834, 838 (3d Cir. 1996). Because Defendants Mt. Fuji and Maggio's are in default for failure to appear, the Court accepts the allegations in Plaintiffs' Complaint as true when evaluating the merits of Plaintiffs' Motion for Default Judgment. Because Defendant Hello Gorgeous has failed to meaningfully oppose Plaintiffs' motion, the Court accepts as true the statements contained in the affidavits submitted by Plaintiff when evaluating the merits of Plaintiffs' Motion for Summary Judgment. However, at

---

[5] Other jurisdictions have also applied this test when analyzing the standing of Title III plaintiffs. See e.g., Brown v. Grand Island Mall Holdings, Ltd., No. 09-3086, 2010 WL 489531, at *3 (D. Neb. Feb. 8, 2010); Bodley v. Plaza Mgmt. Corp., 550 F. Supp. 2d 1085, 1088 (D. Ariz. 2008); Wilson v. Kayo Oil Co., 535 F. Supp. 2d 1063, 1067 (S.D. Cal. 2007); Access 4 All, Inc. v. Wintergreen Commercial P'ship, Ltd., No. 05-1307, 2005 WL 2989307, at *3 (N.D. Tex. Nov. 7, 2005); Molski v. Kahn Winery, 405 F. Supp. 2d 1160, 1163 (C.D. Cal. 2005).

this stage Plaintiffs "must 'set forth' by affidavit or other evidence, 'specific facts,' which

for the purposes of the summary judgment motion will be taken as true."   Lujan, 504

U.S. at 561 (citing Fed. R. Civ. P. 56(e)).  Mere allegations are insufficient to establish

standing.

Plaintiffs' general allegation that Brown "has visited the property" and "he [sic]

plans to return . . . to available [sic] himself/herself [sic] of the goods and services

offered to the public at the property and also to assure himself/herself [sic] that this

property is in compliance with the ADA" is insufficient to establish the requisite injury

to seek injunctive relief.  (Id. at ¶ 9.)  Plaintiffs have not alleged that Brown actually

encountered any architectural barriers that prevented her from accessing the goods or

utilizing the services provided at the Defendants' properties.  Thus, there are prudential

considerations that cause the Court to question Plaintiff Brown's standing.  See Allen,

468 U.S. at 751 (explaining the prohibition on a plaintiff's ability to bring generalized

grievances; plaintiff must assert his own legal rights and not advance the claims of

others); Clark v. Burger King Corp., 255 F.Supp.2d 334, 341 (D.N.J. 2003).

Likewise, it appears that LCFS and Access to All lack standing because they have

not, as associations, suffered an injury-in-fact.  These entities may only bring suits on

behalf of its members if: "(a) its members would otherwise have standing to sue in their

own right; (b) the interests it seeks to protect are germane to the organization's purpose;

and (c) neither the claim asserted nor the relief requested requires the participation in

the lawsuit of each of the individual members in the lawsuit." United Food and

Commercial Workers Union Local 751 v. Brown Group, Inc., 517 U.S. 544 (1996)

(quoting Hunt v. Washington State Apple Advertising Comm'n, 432 U.S. 333, 343

(1977)).  Brown has not established her own standing and the Complaint fails to allege

sufficient facts as to the other individual members of LCFS and Access to All to confer

standing on these organizations.  Although the Complaint generally alleges that the

members of these organizations qualify as disabled under the ADA, this alone does not

demonstrate that the members all possess "standing to sue in their own right." Brown

Group, Inc., 517 U.S. 544  With the exception of Brown, LCFS and Access to All do not

identify any members who visited Defendant properties and assert generally that they

plan to return.[6]

    As a result, the Court is currently unable to ascertain whether it has jurisdiction

over the present matter because it cannot conduct a meaningful evaluation of the factors

relevant to standing. See, e.g., Brown, No. 08-5145, 2010 WL 5237855, at *8; Access 4

All, Inc., No. 08-3817, 2010 WL 4860565, at *3; Dempsey, No. 08-5454, 2009 WL

3584597, at *4.  Plaintiffs will be afforded the opportunity to show cause in writing will

be given leave to amend the Complaint, if they see fit, pleading facts necessary to

establish standing before dismissal is ordered.  See Dempsey v. Harrah's Atlantic City

Operating Co., LLC, No. 08-5237, 2009 WL 250274 (D.N.J. Feb. 2, 2009).

## III. Conclusion

    For the reasons discussed above, Plaintiffs' Motion for Default Judgment against

---

[6] In support of their motions, Plaintiffs submit  affidavits of John McLellan (at least one of which is undated), Director of Access to All, who testifies that he inspected the Mt. Fuji, Maggio's, and Hello Gorgeous properties on an unspecified time and confirmed the existence of the complained of violations.  (McLellan Mt. Fuji Aff., ¶ 11; McLellan Maggio's Aff., ¶ 11; McLellan Hello Gorgeous Aff., ¶ 11.)  He suggests that he visited the properties to spare the members of the Plaintiff organizations from encountering any obstacles.  (McLellan Aff. (Undated) ¶ 6).

Mt. Fuji, Plaintiffs' Motion for Default Judgment against Maggio's, and Plaintiffs'

Motion for Summary Judgment against Hello Gorgeous will be denied without

prejudice.  The Court will order Plaintiffs to show cause in writing within twenty (20)

days, demonstrating Plaintiffs' standing to bring the present action consistent with this

Opinion.  If cause is not shown within that time, Plaintiffs' Complaint will be

automatically dismissed by the Court for lack of subject matter jurisdiction pursuant to

Fed. R. Civ. P. 12(h)(3).  An appropriate Order shall issue.


Dated: July 27, 2011


                            /s/ Joseph H. Rodriguez
                            Hon. Joseph H. Rodriguez,
                            United States District Judge