# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| JEANETTE BROWN, | Hon. Joseph H. Rodriguez |
| Plaintiff, | Civil Action No. 08-6143 |
| v. | **ORDER** |
| MT. FUJI JAPANESE RESTAURANT, MAGGIO'S PIZZA AND PASTA, and HELLO GORGEOUS SALON ASSOCIATES OWNER, | |
| Defendants. | |

This matter having come before the Court on Plaintiff's motion for default judgment against Defendant Hello Gorgeous Salon [84] and Defendant's motion to set aside entry of default [87]; and

The Court having considered the submissions of the parties; and

It appearing that on August 18, 2011, Plaintiff filed an Amended Complaint seeking injunctive relief, attorney's fees and costs under the Americans with Disabilities Act, 42 U.S.C. § 12181 and New Jersey Law Against Discrimination from businesses located in The Plaza at Deptford; and

Plaintiff having alleged that she is an individual with disabilities who visited each Defendant's property in October of 2011, and plans to return to each property to avail herself of goods and services offered to the public "and also to assure herself that each property is in compliance with the ADA," (Am. Compl. ¶ 6); and

Plaintiff having further alleged, specifically with regard to Defendant Hello Gorgeous:

>    (a)  There is no correct disabled accessible sign on the restroom door.  Due to Plaintiff's disabilities she was unable to locate the bathroom without assistance.  Plaintiff was also fearful that she would not be able to find the bathroom if she had an urgent need to go due to her disabilities.  This is in violation of 28 CFR Part 36-36.304 and Section 4.30 through 4.30.7 of the ADAAG.
>
>    (b) The door to the restroom has a round knob and not a right angle door knob.  Due to her disabilities, Plaintiff could not access the bathroom without assistance.  This is in violation of 28 CFR Part 36-36.304 and Section 4.13.9 of the ADAAG.  An "L" shaped handle, one with a right angle, is easier for the disabled to operate.
>
>    (c)  There are no grab bars by the toilet seat back and side walls.  Plaintiff could not use the bathroom without risk of failing [sic] and feared injuring herself because of her disabilities.  This is in violation of 28 CFR Part 36-36.304 and Sections 4.16.6, 4.17.6, 4.26.1 and 4.26.2 of the ADAAG.
>
>    (d)  There are no proper emergency flashing lights and alarm sound at the front door entrance.  Plaintiff believed if there was an emergency she would have a panic attack or become disoriented, lose coordination and not be able to find the exit and leave the building in the event of an emergency.  This is in violation of 28 CFR Part 36-36.304 and Sections 4.28.1, 4.28.2 and 4.28.3 of the ADAAG.

(Id. at ¶ 20.)

The Court finding that on September 6, 2011, the docket reflects that Summonses were returned executed as to Defendants Mt. Fuji Japanese Restaurant and Maggio's Pizza and Pasta, but not as to Hello Gorgeous; and

Nonetheless, on September 27, 2011, Plaintiff requested entry of default against Hello Gorgeous, supported simply by an Affidavit of Counsel which reads:

>    Defendant HELLO GORGEOUS was served with the amended complaint on 8/18/11 with answer due 9/8/11. Said Defendant has failed to plead or otherwise defend as provided by the Rules. Plaintiffs request the Clerk enter Default against said Defendant, HELLO GORGEOUS.

It appearing that a Clerk's Entry of Default was made on September 28, 2011, and on September 29, 2011, Plaintiff moved for Default Judgment against Hello Gorgeous Salon; and

The Court finding that the Federal Rules of Civil Procedure provide for entry of default when a party has "failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise," Fed. R. Civ. P. 55(a); and

The Court finding that final judgment by default can be entered (1) by the clerk when the defendant has been defaulted for failure to appear and when plaintiff's claim for damages is a determinable sum, or (2) by the court with notice to the defendant if the defendant has appeared in the action, Fed. R. Civ. P. 55(b); and

Defendant Hello Gorgeous Salon having filed a Motion to Vacate Default on May 31, 2012; and

The Court noting the Third Circuit's policy of disfavoring default judgments and encouraging decisions on the merits, see Harad v. Aetna Cas. and Sur. Co., 839 F.2d 979, 982 (3d Cir. 1988) (citations omitted); United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 194-95 (3d Cir. 1984); and

The Court further noting that entry of default may be set aside "for good cause shown," see Fed. R. Civ. P. 55(c), and that the "good cause shown" threshold is a liberal one with the decision of whether or not to set aside default left to the sound discretion of the district court, and that doubtful cases must be resolved in favor of a party moving to set aside default "so that cases may be decided on the merits," $55,518.05 in U.S. Currency, 728 F.2d at 195 (citations omitted); and

The Court having considered, under Fed. R. Civ. P. 55(c), "(1) whether the plaintiff will be prejudiced;  (2) whether the defendant has a meritorious defense;  [and] (3) whether the default was the result of the defendant's culpable conduct," id. (citing Gross v. Stereo Component Sys., Inc., 700 F.2d 120, 122 (3d Cir. 1983);  Feliciano v.

Reliant Tooling Co., 691 F.2d 653, 656 (3d Cir. 1982); Farnese v. Bagnasco, 687 F.2d 764, 764 (3d Cir. 1982)); and

The Court finding nothing in the record indicating that Plaintiff's ability to litigate this case has been hindered since default was entered, see, e.g., Gross, 720 F.2d at 122 (noting that a plaintiff must show "'its ability to pursue the claim has been hindered since the entry of the default judgment,' by loss of evidence or otherwise." (quoting Feliciano, 691 F.2d at 657)); and because Defendant need only present a defense that, if proven at trial, would constitute a complete defense, see $55,518.05 in U.S. Currency, 728 F.2d at 195, the Court finding that the second factor, like the first, weighs in favor of vacating the default, as Defendant Hello Gorgeous has simultaneously filed a motion to dismiss this matter pursuant to Fed. R. Civ. P. 12(b)(1), (5), and (6); and, finally, the Court finding that the Defendant has presented a viable reason for failing to file an Answer or request an extension of time in which to do so, as Counsel has represented to the Court that the attorney of record for Hello Gorgeous passed away about a month prior to the filing of the Amended Complaint, on July 11, 2011, and the Amended Complaint was served only through ecf, not in paper form; also, there was no summons executed as to Hello Gorgeous, and no notice to Hello Gorgeous of the application for default pursuant to Fed. R. Civ. P. 55(b)(2); therefore,

For good cause shown,

Considering all of the facts and circumstances and keeping in mind the Third Circuit's preference for decisions on the merits, this Court will vacate the default entered against the Defendant Hello Gorgeous, and will therefore deny the application for default judgment.

Accordingly,

IT IS ORDERED on this 20th day of June, 2012 that Plaintiff's motion for default judgment against Defendant Hello Gorgeous Salon [84] is hereby DENIED; and

IT IS FURTHER ORDERED that Defendant's motion to set aside entry of default [87] is hereby GRANTED; the DEFAULT entered in this matter by the Clerk of the Court as to Defendant Hello Gorgeous Salon is VACATED.

    /s/ Joseph H. Rodriguez
JOSEPH H. RODRIGUEZ
U.S.D.J.