**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| LOUISIANA COUNSELING AND FAMILY SERVICES INC., et al., | : | Hon. Joseph H. Rodriguez |
| Plaintiffs, | : | Civil Action No. 08-6143 |
| | : | **OPINION** |
| v. | : | |
| MT. FUJI JAPANESE RESTAURANT, et al., | : | |
| Defendants. | | |

**RODRIGUEZ**, Senior District Judge:

This matter comes before the Court on a Motion to Dismiss by Defendant Hello

Gorgeous Salon pursuant to Fed. R. Civ. P. 12(b)(1), Fed. R. Civ. P. 12(b)(5), and Fed. R.

Civ. P. 12(b)(6).  At issue is whether Plaintiff pled sufficiently to establish standing.  Also

at issue is whether the Complaint should be dismissed for insufficient service of process.

Defendant also contends that Plaintiff is not "disabled" as defined by the the Americans

with Disabilities Act.  The Court has reviewed the written submissions of the parties.

For the reasons stated below, Defendant's Motion to Dismiss will be denied.

## I. Factual Background

The original Complaint was brought on December 15, 2008 by Louisiana

Counseling and Family Services, Inc. ("LCFS"), LCFS Access to all ("Access to All"), and

Jeanette Brown ("Brown")  for alleged violations of the Americans with Disabilities Act,

42 U.S.C. § 12101, et seq. ("ADA") and the New Jersey Law Against Discrimination, N.J.

Stat. Ann. § 10:5-1, et seq. ("NJLAD") at multiple places of public accommodation

located in the Plaza at 1450 Clements Bridge Road, Deptford, NJ. [Dkt. Entry No. 1].

Defendants named in the original Complaint are Mt. Fuji Japanese Restaurant ("Mt.

Fuji"), Maggio's Pizza and Pasta ("Maggio's"), Hello Gorgeous Salon ("Hello Gorgeous"),

Pathmark Supermarket, Family Dollar Store and Plaza at Deptford/Herbert Kunstadt

Associates.  Access to All is an advocacy group that is part of the nonprofit organization

LCFS.  (Compl., ¶ 4.)  Brown is a disabled individual and a member of Access to All who

resides at 4 Pine Terrace, West Berlin, NJ.  (Id.)  Brown represents all of the Access to

All board members.  (Id. at ¶ 7.)  According to the Amended Complaint, Brown suffers

from Fibromyalgia, Reflex Sympathetic Dystrophy Syndrome, Traumatic Brain Injury,

Colitis, a seizure disorder, Type 1 Diabetes, Type 2 Diabetes, a spinal injury, Post-

Traumatic Stress Disorder, and Carpal Tunnel Syndrome.  (Am. Compl., ¶ 4.)

> The original Complaint alleged that:
>
> JEANETTE BROWN has visited the property, as well as have other board
> members, which forms the basis of this lawsuit.  Furthermore, he [sic]
> plans to return to the property, as well as other board members, to
> available [sic] himself/herself [sic] of the goods and the services offered to
> the public at the property and also to assure himself/herself [sic] that this
> property was in compliance with the ADA.

(Compl., ¶ 9.)  The Complaint alleged that the following violations were identified at the

Hello Gorgeous property:

> (a) There is no correct disabled accessible sign on the restroom door.  This
> is in violation of 28 CFR Part 36-36.304 and Section 4.30 through 4.30.7
> of the ADAAG.
>
> (b) Door to the restroom has a round knob and not a right angle door
> knob.  This is in violation of 28 CFR Part 36-36.304 and Section 4.13.9 of
> the ADAAG.  An "L" shaped handle, one with a right angle, is easier for the
> disabled to operate.
>
> (c) There are no grab bars by the toilet seat back and side walls.  This is in
> violation of 28 CFR Part 36-36.304 and Sections 4.16.6, 4.17.6, 4.26.1 and
> 4.26.2 of the ADAAG.

(d) There is [sic] no proper emergency flashing lights and alarm sound at the front door entrance.  This is in violation of 28 CFR Part 36-36.304 and Sections 4.28.1, 4.28.2 and 4.28.3 of the ADAAG.  A proper alarm system will assist the disabled to safely exit a building in the event of an emergency.

(Id. at ¶ 31.)

On July 29, 2011, this Court ruled that Plaintiffs did not sufficiently establish the requisite injury to seek injunctive relief.  Louisiana Counseling and Family Services Inc., v. Mt. Fuji Japanese Restaurant, Civ. No. 08-6143, 2011 WL 3273548, at *5 (D.N.J. July 27, 2011).  Plaintiffs did not allege that Brown actually encountered any architectural barriers that prevented her from accessing the goods or utilizing the services provided at the Defendants' properties.  Id.  As a result, Plaintiffs' Motion for Default Judgment and Motion for Summary Judgment against Hello Gorgeous were denied without prejudice, and Plaintiffs' were ordered to show cause demonstrating Plaintiffs' standing to bring the present action.  Id. at *6.

On August 18, 2011, Brown, individually, filed an Amended Complaint against Mt. Fuji, Maggio's, and Hello Gorgeous.  The Amended Complaint alleges that:

JEANETTE BROWN has visited the [sic] each Defendants' [sic] property on, or about, October of 2008.  Furthermore, she plans to return to the property [sic], to avail herself of the goods and the services offered to the public at the property [sic] and also to assure herself that each property is in compliance with the ADA.

(Am. Compl., ¶ 6.)  The Amended Complaint additionally alleges that the following violations were identified at the Hello Gorgeous property:

(a) There is no correct disabled accessible sign on the restroom door.  Due to Plaintiff's Disabilities she was unable to locate the bathroom without assistance.  Plaintiff was also fearful that she would not be able to find the bathroom if she had an urgent need to go due to her disabilities.  This is in violation of 28 CFR Part 36-36.304 and Sections 4.30 through 4.30.7 of

the ADAAG.

(b) The door to the restroom has a round know and not a right angle door knob.  Due to her disabilities, Plaintiff could not access the bathroom without assistance.  This is in violation of 28 CFR Part 36-36.304 and Section 4.13.9 of the ADAAG.  An "L" shaped handle, one with a right angle, is easier for the disabled to operate.

(c) There are no grab bars by the toilet seat back and side walls.  Plaintiff could not use the bathroom without risk of failing [sic] and feared injuring herself because of her disabilities.  This is in violation of 28 CFR Part 36-36.304 and Sections 4.16.6, 4.17.6, 4.26.1 and 4.26.2 of the ADAAG.

(d) There are no proper emergency flashing lights and alarm sound at the front door entrance.  Plaintiff believed if there was an emergency she would have a panic attack or become disoriented, lose coordination and not be able to find the exit and leave the building in the event of an emergency.  This is in violation of 28 CFR Part 36-36.304 and Sections 4.28.1, 4.28.2 and 4.28.3 of the ADAAG.

(Id. at ¶ 20.)

## II. Procedural History

Defendants failed to file timely an answer to the Complaint and Plaintiffs requested an entry of default on March 3, 2009.  [Dkt. Entry Nos. 19, 22, 23].  On that same day, the Clerk of the Court entered default for failure to appear, plead, or otherwise defend.  On July 30, 2009, Plaintiffs moved for default judgment.  [Dkt. Entry No. 44].  On August 24, 2009, Hello Gorgeous filed an Answer to the Complaint and on September 3, 2009, opposed Plaintiffs' motion. [Dkt. Entry No. 50].  The Court denied Plaintiffs' Motion for Default Judgment as to Hello Gorgeous on January 19, 2010.  [Dkt. Entry No. 61].

On November 29, 2010, a Notice of Call for dismissal was issued.  [Dkt. Entry No. 68].  Plaintiffs moved for Summary Judgment as to Hello Gorgeous on December 14, 2010.  [Dkt. Entry No. 71].  On July 27, 2011, the Court denied Plaintiffs' Motion for

Summary Judgment and ordered that Plaintiffs show cause demonstrating standing to bring the present matter. [Dkt. Entry No. 76]. Plaintiff Brown, individually, filed an Amended Complaint on August 18, 2011. [Dkt. Entry No. 77]. Plaintiff requested default against Hello Gorgeous in September 27, 2011 [Dkt. Entry No. 82] but was denied because she failed to file a Certificate of Service showing that the Amended Complaint was properly served on Hello Gorgeous. Plaintiff filed the Certificate on September 28, 2011 and Default was entered.

On September 29, 2011, Plaintiff filed a Second Motion for Default Judgment against Hello Gorgeous. [Dkt. Entry No. 84]. On April 3, 2012, the Court granted Hello Gorgeous a sixty-day extension to respond to the Second Motion for Default Judgment in order to obtain new counsel following the death of Hello Gorgeous' attorney of record on July 11, 2011. [Dkt. Entry No. 85]. On May 31, 2012, Hello Gorgeous filed a Motion to Set Aside Default and the present Motion to Dismiss. [Dkt. Entry No. 87]. The Court denied Plaintiff's Second Motion for Default Judgment, granted Hello Gorgeous' Motion to Set Aside Default, and vacated the entry of Default on June 20, 2012. [Dkt. Entry No. 93]. On July 2, 2012, Plaintiff filed a Response in Opposition to Defendant's Motion to Dismiss. [Dkt. Entry No. 94].

### III. Standard of Review

#### A. Standing

To satisfy the Constitutional standing requirements a plaintiff must show:

(1) it has suffered an "injury in fact" that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc., 528 U.S. 167, 180-81 (2000).  A

plaintiff seeking injunctive relief must also show continuing, adverse effects from the

illegal conduct.  O'Shea v. Littleton, 414 U.S. 488, 495-96 (1974).  The Court has further

stated that a plaintiff's "some day" intentions to return to the source of the illegal

conduct, without any description of concrete plans, does not support a finding of "actual

or imminent" injury.  Lujan v. Defenders of Wildlife, 504 U.S. 555, 564 (1992).

The general requirements of standing are also applicable in ADA cases where the

plaintiffs bring suit seeking injunctive relief for violations of Title III.  See Doe v. Natl.

Bd. of Med. Examr's, 199 F.3d 146, 153 (3d Cir. 1999).  Under Title III, a plaintiff has

standing to seek injunctive relief only if the plaintiff demonstrates both a past injury in

the form of ADA discrimination and likelihood that the injury will reoccur when the

plaintiff returns to the place of discrimination.  See Camarillo v. Carrols Corp., 518 F.3d

153, 158 (2d Cir. 2008); Pickern v. Holiday Quality Foods Inc., 293 F.3d 1133, 1137-38

(9th Cir. 2002).  Although the Third Circuit has not directly addressed the details of the

injury in fact requirement with respect to ADA cases, it has stated in other contexts that

"a [p]laintiff must suffer a palpable and distinct harm that must affect the plaintiff in a

personal and individual way."  Brown v. Showboat Atlantic City Propco, LLC, Civ. No.

08-5145, 2010 WL 5237855, at *7 (D.N.J. Dec. 16, 2010) (quoting Toll Bros, Inc. v. Twp.

Of Readington, 555 F.3d 131, 137 (3d Cir. 2009)).  Therefore, standing analysis in ADA

cases should focus on whether the plaintiff suffered an actual injury rather than whether

the statute was violated by the defendants.  See Doe, 199 F.3d at 153.

Courts in New Jersey have applied the following four-factor test to determine

whether a future injury is concrete and particularized: (1) the plaintiff's proximity to the

defendant's place of public accommodation; (2) the plaintiff's past patronage; (3) the

plaintiff's frequency of nearby travel; and (4) the definiteness of the plaintiff's plan to

return.  Brown, Civ. No. 08-5145, 2010 WL 5237855, at *8.

The party invoking federal jurisdictions bears the burden of establishing the

above indispensable requirements of its case "in the same way as any other matter on

which the plaintiff bears the burden of proof."  Defenders of Wildlife, 504 U.S. at 561.  At

this stage, "general factual allegations of injury resulting from the defendant's conduct

may suffice, for on a motion to dismiss we 'presum[e] that general allegations embrace

those specific facts that are necessary to support the claim.'" Lujan v. Nat'l Wildlife

Refuge, 497 U.S. 871, 889 (1990).

### B.  Service of Process

Rule 12(b)(5) permits a motion to dismiss for "insufficient service of process."

Fed. R. Civ. P. 12(b)(5).  Federal Rule of Civil Procedure 4 governs service of process. An

individual may be served in a judicial district of the United States by (1) following state

law for serving a summons in an action brought in the courts of general jurisdiction in

the state where the district court is located or where service is made; or (2) by personally

serving the individual, or leaving a copy of the summons and complaint at the person's

dwelling or usual place of abode with someone of suitable age and discretion who

resides there, or delivering a copy of the summons and complaint to an agent authorized

by appointment or law to receive service of process. Fed. R. Civ. P. 4(e). When serving a

corporation, partnership or association within a judicial district of the United States,

service must be made (1) in the manner prescribed in Rule 4(e) for serving an individual,

or (2) by delivering a copy of the summons and complaint to an officer, managing or

general agent, or any other agent authorized by appointment or law to receive service of process. Fed. R. Civ. P. 4(h)(1).  In the District of New Jersey, Local Civil Rule 5.1(a) guides the service and filing of pleadings and other papers.

### C. Rule 12(b)(6)

A complaint should be dismissed pursuant to Rule 12(b)(6) if the alleged facts, taken as true, fail to state a claim.  Fed. R. Civ. P. 12(b)(6).  When deciding a motion to dismiss pursuant to Rule 12(b)(6), ordinarily only the allegations in the complaint, matters of public record, orders, and exhibits attached to the complaint, are taken into consideration.[1]  See Chester County Intermediate Unit v. Pa. Blue Shield, 896 F.2d 808, 812 (3d Cir. 1990).  It is not necessary for the plaintiff to plead evidence.  Bogosian v. Gulf Oil Corp., 561 F.2d 434, 446 (3d Cir. 1977).  The question before the Court is not whether the plaintiff will ultimately prevail.  Watson v. Abington Twp., 478 F.3d 144, 150 (2007).  Instead, the Court simply asks whether the plaintiff has articulated "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility[2] when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

---

[1] "Although a district court may not consider matters extraneous to the pleadings, a document integral to or explicitly relied upon in the complaint may be considered without converting the motion to dismiss into one for summary judgment."  U.S. Express Lines, Ltd. v. Higgins, 281 F.3d 383, 388 (3d Cir. 2002) (internal quotation marks and citations omitted) (emphasis deleted).

[2] This plausibility standard requires more than a mere possibility that unlawful conduct has occurred.  "When a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'"  Id.

misconduct alleged." Ashcroft v. Iqbal, 556 U.S. - - - , 129 S. Ct. 1937, 1949 (2009) (citing Twombly, 550 U.S. at 556). "Where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 129 S. Ct. at 1950.

The Court need not accept "'unsupported conclusions and unwarranted inferences,'" Baraka v. McGreevey, 481 F.3d 187, 195 (3d Cir. 2007) (citation omitted), however, and "[l]egal conclusions made in the guise of factual allegations . . . are given no presumption of truthfulness." Wyeth v. Ranbaxy Labs., Ltd., 448 F. Supp. 2d 607, 609 (D.N.J. 2006) (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)); see also Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007) (quoting Evancho v. Fisher, 423 F.3d 347, 351 (3d Cir. 2005) ("[A] court need not credit either 'bald assertions' or 'legal conclusions' in a complaint when deciding a motion to dismiss.")). Accord Iqbal, 129 S. Ct. at 1950 (finding that pleadings that are no more than conclusions are not entitled to the assumption of truth).

Further, although "detailed factual allegations" are not necessary, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." Twombly, 550 U.S. at 555 (internal citations omitted). See also Iqbal, 129 S. Ct. at 1949 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

Thus, a motion to dismiss should be granted unless the plaintiff's factual allegations are "enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true (even if doubtful in fact)."

Twombly, 550 U.S. at 556 (internal citations omitted).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'shown'-'that the pleader is entitled to relief.'" Iqbal, 129 S. Ct. at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).

## IV. Analysis

### A.  Standing

Here, Hello Gorgeous alleges that Brown has not demonstrated standing with her Amended Complaint.  (Br. Supp. Mot. Dismiss, 3.)  Defendant argues that Brown's injury is "conjectural or hypothetical" rather than "concrete and particularized" and "actual and imminent" since Brown's Amended Complaint states that she "would not be able to find the bathroom if she had an urgent need to go."  (Id.)  Essentially, Hello Gorgeous alleges that the use of the word "would" indicates that Brown's injury is not an injury in fact.  (Id.)  When read in full, Brown's Amended Complaint states: "Due to Plaintiff's disabilities, she was unable to locate the bathroom without assistance.  (Am. Comp., ¶ 20.)  Plaintiff was also fearful that she would not be able to find the bathroom if she needed to go."  (Id.)  Plaintiff's allegations are sufficient at this stage since the Court must "presume that general allegations embrace those specific facts that are necessary to support the claim."  Nat'l Wildlife Refuge, 497 U.S. at 889.

Defendant also alleges that Brown neither pled sufficient facts to indicate that she availed herself to the goods and services of Hello Gorgeous nor pled sufficient facts to demonstrate the threat of future injury.  (Br. Supp. Mot. Dismiss, 4-5.)  Brown's Amended Complaint alleges "Furthermore, she plans to return to the property, to avail herself of the goods and the services offered to the public at the property and also to

assure herself that each property is in compliance with the ADA." (Am. Compl., ¶ 6.)

Plaintiff's Amended Complaint also states "JEANETTE BROWN has visited the [sic]

each Defendants' [sic] property on, or about, October of 2008." (Id.)  Assuming all of

the Amended Complaint's allegations as true, Plaintiff's factual allegations are "enough

to raise a right to relief above the speculative level." See Iqbal, 129 S.Ct. at 1949.

### B. Service of Process

Hello Gorgeous alleges that the complaint should be dismissed for insufficient

service of process pursuant to Fed. R. Civ. P. 12(b)(5).  (Br. Supp. Mot. Dismiss, 3.)

Local Civil Rule 5.1(a) provides that "Service of all papers other than the *initial*

summons and complaint shall be made in the manner specified in Fed. R. Civ. P. 5(b)."[3]

L. Civ. R. 5.1(a) (emphasis added).  Local Civil Rule 5.2 provides:

> Papers served and filed by electronic means in accordance with procedures
> promulgated by the Court are, for purposes of Federal Rule of Civil Procedure
> 5, served and filed in compliance with the local civil and criminal rules of the
> District of New Jersey.

L. Civ. R. 5.2.  The Filing Policies and Procedures of the District of New Jersey state that

"Transmission of the Notice of Electronic Filing constitutes service of the filed document

on Filing Users." Id. subsec. 14(b)(1).

Hello Gorgeous alleges that Plaintiff's Amended Complaint should have been

served in paper form.  (Id. at 4.)  Local Civil Rule 5.1(a), however, only requires that the

---

[3] Rule 5(b) of the Federal Rules of Civil Procedure provides, in relevant part, that "[a] paper is served under this rule by . . . sending it by electronic means if the person consented in writing--in which event service is complete upon transmission, but is not effective if the serving party learns that it did not reach the person to be served." Fed. R. Civ. P. 5(b)(2)(E). The Rule further provides that "[i]f a local rule so authorizes, a party may use the court's transmission facilities to make service under Rule 5(b)(2)(E)." Fed. R. Civ. P. 5(b)(3).

initial Complaint be served in paper form.  L. Civ. R. 5.1(a). In keeping with Fed. R. Civ.

P. 5(b) and L. Civ. R. 5.2, Plaintiff's electronic filing of the Amended Complaint was

sufficient to effectuate service. Accordingly, the Court will not dismiss for insufficient

service of process.

### C.  Rule 12(b)(6)

Defendant argues that the Amended Complaint should be dismissed since Brown

allegedly does not satisfy the definition of "disabled" for ADA protection.[4]  (Br. Supp.

Mot. Dismiss, 6.)  The ADA defines disability as:

> (A) a physical or mental impairment that substantially limits one or more major life activities of such individual;
>
> (B) a record of such an impairment; or
>
> (C) being regarded as having such an impairment (as described in paragraph (3)).

42 U.S.C. § 12102(1).  The act goes on to define "major life activities" as:

> (A) In general
>
> For purposes of paragraph (1), major life activities include, but are not limited to, caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working.
>
> (B) Major bodily functions
>
> For purposes of paragraph (1), a major life activity also includes the operation of a major bodily function, including but not limited to,

---

[4] Defendant also argues that "Brown's allegations support a theory of a vexatious litigant rather than that of a disabled person." (Br. Supp. Mot. Dismiss, 5.)  The Defendant then cites Molski v. Mandarin Touch Restaurant, 347 F.Supp.2d 860, 863-64 (C.D. Cal. 2004) (laying out the five factors looked for in a vexatious litigation claim), but it does not claim that the present action is a vexatious litigation claim.  This analysis is not relevant to the Motions made by the Defendant.

functions of the immune system, normal cell growth, digestive, bowel, bladder, neurological, brain, respiratory, circulatory, endocrine, and reproductive functions.

42 U.S.C. § 12102(2).

According to Brown's Amended Complaint:

Plaintiff, JEANETTE BROWN, resides in Berlin, NJ. And suffers from the following disabilities:

(a) Fibromyalgia (FMS), a medical disorder which causes Plaintiff chronic widespread pain and a heightened and painful response to pressure or touching;

(b) Reflex Sympathetic Dystrophy Syndrome (RSD), chronic pain condition which causes Plaintiff dysfunction in the central or peripheral nervous systems mainly effecting her neck and back;

(c) Traumatic Brain Injury causes Plaintiff to lose cognitive functioning under stress causing her to become disoriented;

(d) Colitis, causing inflammation of Plaintiff's colon resulting in limited bladder and bowel control resulting in the need to urgently and frequently use the toilet;

(e) Seizure disorder causing Plaintiff limited mobility and coordination;

(f) Type 1 Diabetes, a condition which causes Plaintiff loss of the insulin-producing beta cells of the islets of Langerhans in the pancreas leading to insulin deficiency; and Type 2 Diabetes, a condition which causes Plaintiff insulin resistance which may be combined with relatively reduced insulin secretion.  Plaintiff's diabetes sometimes causes her headaches and tremors based on her blood sugar levels;

(g) Spinal Injury causes Plaintiff back pain making her unable to stand or support her head and adversely effects her coordination and mobility; and

(i) [sic] Post-Traumatic Stress Disorder, an anxiety disorder, which causes Plaintiff aversive anxiety-related experiences, behaviors, and physiological responses that develop after exposure to a psychologically traumatic event (the accident which caused Plaintiff's Traumatic Brain Injury) causing Plaintiff panic attacks and depression under stress.

(1) [sic] Carpal Tunnel Syndrome, compression of the median nerve

traveling through the carpal tunnel which restricts ability adversely effecting Plaintiff's fine motor skills causing her pain and cramping in her upper extremities particularly her hands, fingers and wrists.

(Am. Compl., ¶ 4.)

Plaintiff's claim will not be dismissed for not being "disabled," as defined by the ADA.  Several of Plaintiff's disabilities may qualify her as being disabled under the ADA.[5] Brown's Amended Complaint alleges the following symptoms: "widespread pain, chronic pain . . . effecting [sic] her neck and back, limited bladder and bowel control, pain making her unable to stand or support her head, panic attacks, and depression." (Am. Compl., ¶ 4.)  Plaintiff has therefore pleaded facts sufficient to satisfy the disability element of the ADA and survive a motion to dismiss.

## V. Conclusion

For the reasons stated above, Defendant's motion to dismiss is denied.  The appropriate order shall issue.

Dated: August 8, 2012

> /s/Joseph H. Rodriguez
> Hon. Joseph H. Rodriguez,
> United States District Judge

---

[5] See, e.g., Mulholland v. Pharmacia & Upjohn, Inc., 52 Fed. Appx. 641 (6th Cir. 2002) (genuine issue of material fact as to whether plaintiff who had traumatic brain injury was substantially impaired); Lane v. Harborside Healthcare-Westwood Rehab. and Nursing Center, Civ. No. 01-050-JD, 2002 WL 1674184 (D.N.H. July 16, 2002) (plaintiff with seizure disorder presented sufficient evidence to create a genuine issue of material fact as to whether she was substantially limited in other life activities); Alifano v. Merck & Co., Inc., 175 F. Supp. 2d 792, 797 (E.D. Pa. 2001) (fibromyalgia found to be sufficient to satisfy the disability element of the ADA); Sherback v. Wright Automotive Group, 987 F. Supp. 433 (W.D. Pa. 1997) (genuine issue of material fact as to whether plaintiff is disabled as a result of PTSD, within the meaning of the ADA).