[Doc. No. 115]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| LOUISIANA COUNSELING AND FAMILY SERVICES, INC., et al., | |
| Plaintiffs, | Civil No. 08-6143 (JHR/JS) |
| v. | |
| MT. FUGI JAPANESE RESTAURANT, et al., | |
| Defendants. | |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on the "Motion to Compel Expedited Discovery/Extend Time for Discovery" [Doc. No. 115] filed by defendant Hello Gorgeous Salon and Spa, Inc. (hereinafter "Hello Gorgeous" or "defendant"). Defendant seeks leave to take the depositions of plaintiff and her expert in this 4½ year old case. Plaintiff opposes the motion.[1] [Doc. No. 125]. The Court exercises its discretion to decide defendant's motion without oral argument. Fed. R. Civ. P. 78; L. Civ. R. 37.1(b)(4). For the reasons to be discussed, defendant's motion is DENIED.

Background

The procedural background of this matter as to Hello Gorgeous is long and tortured. The Court will use its best efforts to

---

[1]The original plaintiffs were Louisiana Counseling and Family Services, Inc, LCFS Access to All, LCFS Counseling and Jeanette Brown. Plaintiff's amended complaint filed on August 18, 2011 [Doc. No. 77] only named Jeanette Brown.

provide a succinct summary. As is evident from the following discussion, defendant has consistently missed applicable deadlines and there is a history of dilatoriness. In addition, defendant did not avail itself of numerous opportunities to take the requested depositions before the fact discovery deadline expired on November 30, 2012.

Plaintiff filed her complaint on December 15, 2008 against Hello Gorgeous and other similarly situated defendants. The essence of plaintiff's complaint is that defendant's facility violated the Americans with Disabilities Act, 42 U.S.C. §181, et seq., and the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1, et seq.. A default was entered against defendant on March 3, 2009. [Doc. No. 22]. On January 19, 2010, the Court denied plaintiffs' motion for default judgment and vacated the default. [Doc. No. 61].[2] Thereafter, on February 24, 2010, the Court's Scheduling Order set a fact discovery deadline of May 31, 2010 (see Doc. No. 62 at ¶5). Plaintiff filed her motion for summary judgment directed to defendant on December 14, 2010. [Doc. No. 71]. The motion was denied in an Order issued on July 27, 2011. [Doc. No. 76]. The same Order directed plaintiff to show cause why it had standing to bring the present law suit. Plaintiff filed her amended complaint on August 18, 2011 [Doc. No. 77]. Another default was entered against Hello Gorgeous on September 28, 2011

---

[2]Defendant filed its answer to the complaint on August 24, 2009 [Doc. No. 50], before its default was vacated.

2

[Doc. No. 83].

On March 22, 2012, defendant's present counsel wrote the Court and advised it that defendant's counsel died in July, 2011. On May 31, 2012, defendant filed a motion to set aside the September 28, 2011 default [Doc. No. 87] and a motion to dismiss [Doc. No. 86]. On June 6, 2012, present counsel entered her appearance of record for defendant. [Doc. No. 88]. On June 20, 2012, plaintiff's second motion for default judgment was denied and her default was vacated. [Doc. No. 93]. Defendant's motion to dismiss was denied on August 8, 2012. [Doc. No. 97].

On August 21, 2012, the Court entered a Scheduling Order setting a fact discovery deadline of November 30, 2012. [Doc. No. 100 at ¶1]. On November 30, 2012, the date the deadline expired, defense counsel advised the Court that it intended to file "motions related to plaintiff's non-compliance with discovery demands as ordered during the in-person status conference on August 21, 2012." [Doc. No. 102]. Defense counsel wrote she attempted to schedule plaintiff Jeanette Brown's deposition without success. Defense counsel also wrote that she intended to "file an omnibus motion to compel discovery, extend time for discovery, extend time for the filing of dispositive motions, and sanctions unless [her] requests can be otherwise accommodated by consent and stipulation or by further Order of the Court." Id. The motion was never filed. Although the Court did not extend the fact discovery deadline, on December 7, 2012, it entered a new Scheduling Order extending the

3

time to file dispositive motions to February 14, 2013. [Doc. No 106 at ¶1]. Plaintiff and defendant filed motions for summary judgment on February 14, 2013. [Doc. No. 109, 110]. The motions have been briefed and they await decision.

Defendant's present motion asks the Court to extend the fact discovery deadline so it can take the depositions of plaintiff Jeanette Brown and her expert. The first time defense counsel mentioned she wanted the Court to direct plaintiff Jeanette Brown to appear to be deposed was during a February 22, 2013 conference call. The first time defendant requested to take plaintiff's expert's deposition was when it filed the present motion on March 1, 2013. According to plaintiff, defendant received the expert's report in December 2008, when it was served. Brief at 1-2, 14.[3]

Discussion

Since plaintiff's motion was filed after the fact discovery deadline expired, Fed. R. Civ. P. 6(b)(1)(B) sets forth the applicable legal standard the Court must apply. This rule provides that when an act may or must be done in a specified time the Court may, for good cause, extend the time on motion made after the time has expired if the party failed to act because of "excusable neglect." In determining whether a party has demonstrated excusable neglect the Court must consider the following five

---

[3]According to the docket entries Hello Gorgeous was served on December 30, 2008, at its address in Deptford, New Jersey. [Doc. No. 4].

4

factors:

> 1) whether the inadvertence reflected professional incompetence such as ignorance of rules of procedure, 2) whether an asserted inadvertence reflects an easily manufactured excuse incapable of verification by the court, 3) counsel's failure to provide for a readily foreseeable consequence, 4) a complete lack of diligence or 5) whether the inadvertence resulted despite counsel's substantial good faith efforts towards compliance.

Dominic v. Hess Oil V.I. Corp., 841 F.2d 513, 517 (3d Cir. 1988). The Supreme Court has explained that the "excusable neglect" inquiry is "at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission," including, "the danger of prejudice to the [other party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. Partnership, 507 U.S. 380, 395 (1993). After weighing all the relevant factors, the Court finds defendant does not establish excusable neglect for failing to file its motion, or an application to compel the requested depositions (see L. Civ. R. 37.1(a)(1)), before November 30, 2012. Defendant knew, or should have known, that all discovery applications should be made returnable before the discovery deadline expired. Defendant also had years to take the requested depositions before November 30, 2012. Plaintiff and her expert were not surprise witnesses. Further, defendant's actions evidence a complete lack of diligence. Not only did

5

defendant wait years to try and take plaintiff's deposition, but defendant did not file its motion to compel until three months after the fact discovery deadline expired. Therefore, plaintiff's motion is denied because it cannot show substantial justification for filing its motion late.[4]

Even if defendant could show substantial justification for its late motion the motion would still be denied. The reason is because defendant cannot show "good cause" to grant its motion. Pursuant to Rules 6(b)(1) and 16(b)(4) a scheduling order may be modified only upon a showing of "good cause". To establish good cause the moving party must demonstrate that it cannot reasonably meet the court's deadlines despite its diligence. Koplove v. Ford Motor Co., 795 F.2d 15, 18 (3d Cir. 1986). The determination of good cause depends upon the diligence of the moving party. Spring Creek Holding Co. v. Keith, C.A. 02-cv-376, 2006 WL 2403958, at *3 (D.N.J. Aug. 18, 2006). The moving party has the burden of demonstrating that despite its diligence it could not reasonably have met the Scheduling Order deadline. Id. (citing Hutchins v. United Parcel Service, Inc., C.A. 01-1462, 2005 WL 1793695, at *3 (D.N.J. July 26, 2005)). Extensions of time without good cause would deprive courts of the ability to effectively manage cases on their overcrowded dockets and severely impair the utility of Scheduling Orders. Koplove, 795 F.2d at 18. Further, as stated in

---

[4]Defendant's numerous rules transgressions and late filings are summarized in plaintiff's Brief. [Doc. No. 125-2].

6

<u>Dag Enterprises, Inc. v. Exxon Mobil Corp.</u>, 226 F.R.D. 95, 104 (D.D.C. 2005):

> A Scheduling Order is "intended to serve as 'the unalterable road map (absent good cause) for the remainder of the case.'" <u>Olgyay v. Soc. for Envtl. Graphic Design, Inc.</u>, 169 F.R.D. 219, 220 (D.D.C. 1996)(quoting <u>Final Report of the Civil Justice Reform Act Advisory Group of the United States District Court for the District of Columbia</u> at 39 (Aug. 1993)). "A scheduling order 'is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril.'" <u>Johnson v. Mammoth Recreations, Inc.</u>, 975 F.2d 604, 610 (9th Cir. 1992)(quoting <u>Gestetner Corp. v. Case Equip. Co.</u>, 108 F.R.D. 138, 141 (D. Me. 1985)). Indeed, "[d]isregard of the order would undermine the court's ability to control its docket, disrupt the agreed-upon course of litigation, and reward the indolent and the cavalier." <u>Id.</u>

Defendant has not shown "good cause" to take the requested depositions and, therefore, its motion will be denied. Defendant had numerous opportunities to take the requested depositions during the extended discovery period in the case yet it failed to do so. The original fact discovery deadline was May 31, 2010 [Doc. No. 62 at ¶5]. Defendant has not explained why it did not take the requested depositions three years ago. Further, even after the fact discovery deadline was extended to November 30, 2012, defendant did not take any depositions. Defendant clearly knew about plaintiff from the moment it was served yet it waited years to even attempt to schedule her deposition. Defendant argues, "plaintiff's deposition is necessary to gather information regarding the scope of standing and to establish whether material facts are in dispute." Motion at ¶4. Defendant knew this four

7

plus years ago. The same is true for plaintiff's expert. Plaintiff's counsel represents he produced his expert report when the complaint was served on Hello Gorgeous in December 2008. Brief at 1-2, 14. Yet, however, the first time defendant requested the deposition was when it filed the present motion on March 1, 2013, four plus years after it received the report.

    This is not an instance where the case inadvertently "slipped through the cracks" because of the unfortunate death of defendant's first attorney. Instead, this is a case where defendant simply chose not to take depositions. The first defense attorney did significant work on the case before he passed, including filing an answer on August 24, 2009 [Doc. No. 50], successfully vacating plaintiff's first default judgment [Doc. No. 61], and successfully resisting plaintiff's first motion for summary judgment [Doc. Nos. 75, 76]. This history makes it evident that the attorney had more than an adequate opportunity to take depositions from 2009-2011. The same is true for defendant's present counsel. She wrote the Court on March 22, 2012, she filed a motion to set aside a default on May 31, 2012 [Doc. No. 87], and she formally entered her appearance of record on June 6, 2012. [Doc. No. 88]. After the second default against Hello Gorgeous was vacated on June 20, 2012 [Doc. No. 93], the Court entered its August 21, 2012 Order setting a November 30, 2012 fact discovery deadline. [Doc. No. 100]. Surely, present defense counsel had an adequate opportunity to take depositions before November 30, 2012.

8

Defendant's November 30, 2012 letter to the Court is "too little, too late." First, the letter does not even ask the Court to order the requested depositions. Defendant wrote it would file a motion if it could not work out its scheduling problems with plaintiff. However, the motion was not filed until March 1, 2013, long after the fact deadline expired, and after the parties filed their summary judgment motions. Second, if defendant had problems scheduling depositions it should have advised the Court before November 30, 2012, not on the same day the deadline expired. Further, even after November 30, 2012, defendant had an opportunity to take Jeanette Brown's deposition but failed to do so. Plaintiff's counsel represents he "made almost every calendar day from January 9 [2013], the date of the cancelled deposition to February 14 [2013], the day for filing dispositive motions available [for deposition]." Brief at 13. Defendant presents no adequate explanation for why it did not take Jeanette Brown's deposition during this time.[5] Defense counsel's bare comment about her trial schedule without any supporting evidence is not persuasive. Nor does defendant explain why if it received

---

[5] The fact that plaintiff's counsel offered to make Jeanette Brown available for deposition during this time demonstrates to the Court that plaintiff's counsel did not act in bad faith. If defendant had insurmountable problems taking plaintiff's deposition, which does not appear to be the case, it was its responsibility to approach the Court for relief on a timely basis. Instead, defendant waited until after the discovery deadline expired and after the parties' filed their summary judgment motions to file its motion.

9

plaintiff's expert report in December 2008, the first time it requested the expert's deposition was on March 1, 2013. Defendant argues "[t]he [expert] deposition ... is necessary to gather information to determine whether material facts are in dispute." Motion at ¶6.  However, defendant does not explain why it waited until March 1, 2013, to request to take the deposition in a case that has been pending since 2008.

There are other reasons to deny defendant's motion other than the fact that its late motion is not substantially justified and it cannot show good cause to take late discovery.  This case was filed in December, 2008 and has a long and tortured history.[6]  If the Court permitted defendant to take late discovery it would further delay an already old case.  If the depositions are taken, it would likely moot the parties' outstanding motion for summary judgment and require that another round of motions be filed after the depositions are taken.  The Court is not disposed to dragging out an already old case. Further, it appears that defendant does not view the depositions as essential to its defense.  Otherwise, defendant would not have filed two summary judgment motions before it filed the present motion.

The foregoing discussion demonstrates that defendant cannot satisfy its burden of showing that its late filing is substantially justified and that it exercised diligent efforts to take the requested depositions before the discovery deadline expired.

---

[6]Defendant is the only represented defendant (total of 4) that did not settle or resolve the case.

10

Although defendant argues it exercised "diligent efforts" (Brief at 2), the evidence shows exactly the opposite.  Defendant had more than an adequate opportunity to take the requested depositions but it failed to do so.  If defendant could find time to file two motions for summary judgment and requests to vacate defaults, it certainly had a fair opportunity to take the requested depositions.

Conclusion

    Accordingly, for all the foregoing reasons,

    IT IS HEREBY ORDERED this 1st day of May, 2013, that the Motion to Compel Expedited Discovery/Extend Time for Discovery filed by defendant Hello Gorgeous is DENIED.

                                     s/Joel Schneider
                                     JOEL SCHNEIDER
                                     United States Magistrate Judge