## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

_____

LOUISIANA COUNSELING AND     :     Hon. Joseph H. Rodriguez
FAMILY SERVICES INC., et al.,

                     :     Civil Action No. 08-6143

        Plaintiffs,

                     :

  v.

                     :

MT. FUJI JAPANESE RESTAURANT,
et al.,                    :     OPINION
        Defendants.
_____:

      Presently before the Court are Cross Motions for Summary Judgment filed by Plaintiff Jeanette Brown [Dkt. No. 109] and Defendant Hello Gorgeous [Dkt. No. 110]. The Court has considered the written submissions of the parties offered in support of the pending motions.   In addition, the Court held an evidentiary hearing on December 11, 2013 on the issue of Plaintiff Brown's standing to bring claims against Defendant Hello Gorgeous.   Following the hearing, the Court permitted the parties to file post-hearing submissions.   Having considered all of the evidence in the record, including the testimony at the evidentiary hearing, the Court finds that Plaintiff Jeanette Brown lacks standing and summary judgment is granted in favor of Defendant Hello Gorgeous.

## I. Background

      The Court will recount the history in this case to explain the age of the case and the reasons underscoring the Court's decision to conduct an evidentiary hearing.

      The original Complaint was filed on December 15, 2008 by Louisiana Counseling and Family Services, Inc. ("LCFS"), LCFS Access to all ("Access to All"), and Jeanette Brown ("Brown"), for alleged violations of the Americans with Disabilities Act,

42 U.S.C. § 12101, et seq. ("ADA") and the New Jersey Law Against Discrimination, N.J.
Stat. Ann. § 10:5-1, et seq. ("NJLAD").   The Complaint alleges that Plaintiffs suffered
discrimination at multiple places of public accommodation located in the Deptford
Plaza, 1450 Clements Bridge Road, Deptford, N.J. [Dkt. No. 1].   The named Defendants
in the original Complaint are Mt. Fuji Japanese Restaurant ("Mt. Fuji"), Maggio's Pizza
and Pasta ("Maggio's"), Hello Gorgeous Salon ("Hello Gorgeous"), Pathmark
Supermarket, Family Dollar Store and Plaza at Deptford/Herbert Kunstadt Associates.

Access to All is an advocacy group that is part of the nonprofit organization LCFS.
(Compl., ¶ 4.)   The Complaint alleges that Brown is a disabled individual and a member
of Access to All who resides at 4 Pine Terrace, West Berlin, NJ. (Id.) Brown represents all
of the Access to All board members.   (Id. at ¶ 7.)   The original Complaint alleges that:

> JEANETTE BROWN has visited the property, as well as have other board
> members, which forms the basis of this lawsuit.   Furthermore, he [sic] plans to
> return to the property, as well as other board members, to available [sic]
> himself/herself [sic] of the goods and the services offered to the public at the
> property and also to assure himself/herself [sic] that this property was in
> compliance with the ADA.

(Compl., ¶ 9.)

The Complaint alleges that the following violations were identified at the
Hello Gorgeous property on an unspecified date:

(a)      There is no correct disabled accessible sign on the restroom door.   This is
in violation of 28 CFR Part 36-36.304 and Section 4.30 through 4.30.7 of the
ADAAG.

(b)      Door to the restroom has a round knob and not a right angle door knob.
This is in violation of 28 CFR Part 36-36.304 and Section 4.13.9 of the ADAAG.
An "L" shaped handle, one with a right angle, is easier for the disabled to operate.

(c)      There are no grab bars by the toilet seat back and side walls.   This is in
violation of 28 CFR Part 36-36.304 and Sections 4.16.6, 4.17.6, 4.26.1 and 4.26.2
of the ADAAG.

(d)      There is [sic] no proper emergency flashing lights and alarm sound at the front door entrance.   This is in violation of 28 CFR Part 36-36.304 and Sections 4.28.1, 4.28.2 and 4.28.3 of the ADAAG.   A proper alarm system will assist the disabled to safely exit a building in the event of an emergency.

(Id. at ¶ 31.)

Defendants failed to timely file its Answer to the Complaint and Plaintiffs requested an entry of default on March 3, 2009.   [Dkt. Nos. 19, 22, 23].   On that same day, the Clerk of the Court entered default for failure to appear, plead, or otherwise defend.1   On July 30, 2009, Plaintiffs moved for default judgment.   [Dkt. No. 44].   On August 24, 2009, Hello Gorgeous filed an Answer to the Complaint and, on September 3, 2009, opposed Plaintiffs' motion for default. [Dkt. Entry No. 50].   The Court denied Plaintiffs' Motion for Default Judgment as to Hello Gorgeous on January 19, 2010. [Dkt. Entry No. 61].

On November 29, 2010, a Notice of Call for Dismissal was issued for Plaintiffs' failure to prosecute. [Dkt. No. 68]. In addition, Plaintiffs moved for Summary Judgment as to Hello Gorgeous on December 14, 2010. [Dkt. No. 71].   In support of that summary judgment motion, Plaintiffs attached an undated Affidavit of John McClellan, the Director of LCFS. See McClellan Aff., Dkt. No. 71-1.   The Affidavit states that McClellan visited the property on an unspecified date and found the violations alleged in the Complaint.   Id.

Since the inception of this litigation, Hello Gorgeous has maintained that it had ADA

---

1 The record details an email exchange between counsel that suggests that Hello Gorgeous did not file an answer because settlement discussions were on-going. See Fiorentino Aff. In Opp.to First Motion for Default, dated September 3, 2009, Dkt. No. 51.

compliant bathrooms available at the time of Brown's visit. Specifically, by way of Affidavit, Hello Gorgeous opposed Plaintiffs' First Motion for Summary Judgment. <u>See</u> Aff. of Peter Fiorentino, dated Jan. 17, 2011, Dkt. No. 73.   The Fiorentino Affidavit states that "All bathrooms in Hello Gorgeous' Deptford store meet or surpass all New Jersey regulations, which included hand rails and other disability accessible equipment, this must occur before the salon opened for business."   <u>See id.</u>, ¶7.   Moreover, the Affidavit suggests that there are more than one bathroom in the salon and that the bathroom Brown allegedly visited may have been an employee bathroom.   <u>Id.</u> at ¶7(a).    In addition, the Affidavit challenges the photographs attached as Exhibit "C" to McClellan's Affidavit and challenges Brown's standing because, *inter* alia, she did not demonstrate that she is disabled.

In reply, Plaintiffs' offered a second undated Affidavit of John McClellan and an Affidavit of Jeanette Brown, which was notarized on January 22, 2011. <u>See</u> Dkt. Nos. 74-2; 74-3.   The McClellan Affidavit attempts to explain some of the deficiencies identified by the Fiorentino Affidavit.   McClellan states that he personally visited Hello Gorgeous "a few months before the complaint was drafted and performed a re-inspection of Defendant's property a few weeks before the complaint was drafted."   <u>Id.</u> ¶4. Although there is no indication when the Complaint was "drafted" it was filed on December 15, 2008.   In addition, McClellan avers that he took all of the photographs of Hello Gorgeous but does not offer the date on which the photographs were taken. <u>Id.</u> at ¶9.   Ostensibly he refers to the still photographs attached to Plaintiff's Motion for Summary Judgment that depict, without explanation or accompanying certification, a bathroom with a round door knob and without handrails.   <u>See</u> Pl. Ex. C, Dkt. No., 71-4.

Indeed, Paragraph 10 of McClellan's Affidavit refers to the photographs in and states that the photographs are "of a public bathroom which was not 'marked for employees only.'" Id.  Significantly, the unauthenticated photographs attached to Plaintiffs' First Motion for Summary Judgment as Exhibit "C" are also attached to the present Motion for Summary Judgment.2

Brown's Affidavit in response to Fiorentino's Affidavit merely lists her disabilities. The Affidavit does not include carpal tunnel syndrome among Brown's disabilities.   In addition, the affidavit fails to state when Brown visited Hello Gorgeous and/or how she was impacted by the alleged barriers at the salon.   As a result, on July 27, 2011, this Court ruled that Plaintiffs did not sufficiently establish the requisite injury to seek injunctive relief. See Louisiana Counseling and Family Services Inc. v. Mt. Fuji Japanese Restaurant, Civ. No. 08-6143, 2011 WL 3273548, at *5 (D.N.J. July 27, 2011).   Because Plaintiffs did not allege that Brown actually encountered any architectural barriers that prevented her from accessing the goods or utilizing the services provided at the Defendant's properties, the Court denied Plaintiffs' Motion for Default Judgment and Motion for Summary Judgment against Hello Gorgeous without prejudice.   Id. Plaintiffs were ordered to show cause in writing demonstrating Plaintiffs' standing to bring the present action.   Id. at *6.

In response to the Court's order, on August 18, 2011, Brown filed an individual

---

2 Brown offers an Affidavit, dated February 13, 2013, in Reply to her motion for Summary Judgment (Dkt. No. 124-1) which states that she is the photographer of pictures in Exhibit C and that she took the photographs during her visit to Hello Gorgeous in October 2008. Brown Supplemental Affidavit for Summary Judgment Motion, ¶2 (Dkt. No. 124-1).   In addition, Brown testified at the evidentiary hearing that she took the photographs depicted in a color copy version of photographs in Exhibit C with her cell phone.   The color version and the black and white version are not only exact images, but are also arranged on the paper in a manner in which the top right corner of the bottom photograph and the bottom left corner of the top photograph overlap.   It is curious that both McClellan and Brown each claim to be the photographer of these photographs.

Amended Complaint seeking injunctive relief against Defendants Mt. Fuji, Maggio's, and

Hello Gorgeous.3   The Amended Complaint alleges that:

> JEANETTE BROWN has visited the [sic] each Defendants' [sic] property on, or about, October of 2008.   Furthermore, she plans to return to the property [sic], to avail herself of the goods and the services offered to the public at the property [sic] and also to assure herself that each property is in compliance with the ADA.

(Am. Compl., ¶ 6.)


The Amended Complaint additionally alleges that the following violations were

identified at the Hello Gorgeous property:


> (a)   There is no correct disabled accessible sign on the restroom door.   Due to Plaintiff's Disabilities she was unable to locate the bathroom without assistance. Plaintiff was also fearful that she would not be able to find the bathroom if she had an urgent need to go due to her disabilities.   This is in violation of 28 CFR Part 36-36.304 and Sections 4.30 through 4.30.7 of the ADAAG.

> (b)      The door to the restroom has a round know and not a right angle door knob.   Due to her disabilities, Plaintiff could not access the bathroom without assistance.   This is in violation of 28 CFR Part 36-36.304 and Section 4.13.9 of the ADAAG.   An "L" shaped handle, one with a right angle, is easier for the disabled to operate.

> (c)      There are no grab bars by the toilet seat back and side walls.   Plaintiff could not use the bathroom without risk of failing [sic] and feared injuring herself because of her disabilities.   This is in violation of 28 CFR Part 3636.304 and Sections 4.16.6, 4.17.6, 4.26.1 and 4.26.2 of the ADAAG.

> (d)      There are no proper emergency flashing lights and alarm sound at the front door entrance.   Plaintiff believed if there was an emergency she would have a panic attack or become disoriented, lose coordination and not be able to find the exit and leave the building in the event of an emergency.   This is in violation of 28 CFR Part 36-36.304 and Sections 4.28.1, 4.28.2 and 4.28.3 of the ADAAG.

(Id. at ¶ 20.)

---

3 The other named Defendants were dismissed by agreement of the parties.   The Amended Complaint does not include Plaintiffs LCFS and Access.

Plaintiff requested default against Hello Gorgeous on September 27, 2011 [Dkt. No. 82].4  The motion was denied because she failed to file a Certificate of Service showing that the Amended Complaint was properly served on Hello Gorgeous.   Plaintiff filed the Certificate on September 28, 2011 and Clerk's Entry of Default was entered.

On September 29, 2011, Plaintiff filed a Second Motion for Default Judgment as to Defendant Hello Gorgeous. [Dkt. No. 84]. On April 3, 2012, the Court granted Hello Gorgeous a sixty-day extension to respond to the Second Motion for Default Judgment in order to obtain new counsel following the death of Hello Gorgeous attorney Peter Fiorentino, on July 11, 2011.5  [Dkt. No. 85]. On May 31, 2012, Hello Gorgeous filed a Motion to Set Aside Default and a Motion to Dismiss.   [Dkt. No. 87]. The Court denied Plaintiff's Second Motion for Default Judgment, granted Hello Gorgeous' Motion to Set Aside Default, and vacated the entry of Default on June 20, 2012. [Dkt. No.93]. On July 2, 2012, Plaintiff filed a Response in Opposition to Defendant's Motion to Dismiss. [Dkt. No. 94].

This Court denied the motion to dismiss on August 8, 2012, and ruled that Plaintiff sufficiently established standing to survive the motion to dismiss.   In addition, the Court found that, under the posture of a motion to dismiss, Plaintiff may qualify as disabled under the ADA.6  On February 14, 2013, the parties filed the instant cross

---

4 Plaintiff did not move for Default as to Defendants Maggio's Pizza and Pasta and/or Mt. Fuji Restaurant.   In fact, Plaintiff has not prosecuted her case against either of these Defendants since she filed the Amended Complaint on August 18, 2011.   There is no indication on the Court's docket that Plaintiff resolved her dispute with Maggio's and/or Mt. Fuji. It appears that she has abandoned her claims against both establishments.
5  During the evidentiary hearing on December 11, 2013, it became known that Amy Vasquez, the attorney who entered an appearance on behalf of Hello Gorgeous following the death of Mr. Fiorentino, is Mr. Fiorentino's widow.    In addition, Mr. Fiorentino had a familial connection to the owners of the Hello Gorgeous Salon.
6  The Court's ruling states:

motions for summary judgment.   In support of her motion, Plaintiff attaches an

undated Affidavit of Jeanette Brown.   See Brown Aff., Dkt. No. 109-2.7   Although the

Affidavit attempts explain the nature of the barriers that she encountered during her

visit to the salon on some day in October 2008, the fact that the Affidavit is undated calls

into question Brown's personal knowledge of whether she would be subjected to future

injury at the salon; she cannot state with any particularity the present condition of the

salon or the condition at the time of the filing of the Amended Complaint.8   Moreover,

although Plaintiff avers that she intends to return to the salon, the affidavit offers no

affirmative plans.   As a result, the Court was unable to "determine from the facts on

record whether standing has been met." Brown v. Showboat Atl. City Propco, LLC, Civ.

No. 08–5145, 2010 WL 5237855, at *5, n. 9 (D.N.J. Dec. 16, 2010).9

---

Defendant also alleges that Brown neither pled sufficient facts to indicate
that she availed herself of the goods and services of Hello Gorgeous nor
pled sufficient facts to demonstrate the threat of future injury.   (Br. Supp.
Mot. Dismiss, 4 5.)   Brown's Amended Complaint alleges "Furthermore,
she plans to return to the property, to avail herself of the goods and the
services offered to the public at the property and also to assure herself that
each property is in compliance with the ADA."   (Am. Compl., & 6.)
Plaintiff's Amended Complaint also states "JEANETTE BROWN has visited
the [sic] each Defendants' [sic] property on, or about, October of 2008."
(Id.)   Assuming all of the Amended Complaint's allegations as true,
Plaintiff's factual allegations are "enough to raise a right to relief above the
speculative level."   See Iqbal, 129 S.Ct. at 1949.

7 The undated affidavit is titled "Affidavit in Support of Motion for Default Judgment Returnable November 7, 2011"
and is identical to the undated affidavit submitted in support of that motion for default judgment.   See Dkt. No. 84-3.
8 Local Civil Rule 7.2 (a) requires that the affidavit contain "statements of fact within the personal knowledge of the
signatory."   At the time that of the filing of the Amended Complaint, Plaintiff was on notice that there were other
bathrooms at the salon, yet the she declares that she has "reasonable grounds to believe that I will continue to be
subjected to discrimination in violation of the ADA by the Defendant." Brown Aff., ¶ 7, Dkt. No. 109-2   Brown offers
no explanation for her beliefs in light of the uncontested availability of other bathrooms at the salon.
9 Because Fiorentino's Affidavit states that there are more than one bathroom at Hello Gorgeous and that there were
other compliant bathrooms available at the time of Brown's visit, Brown's Affidavit does not, standing alone,
demonstrate injury.   Brown does not detail why she used an allegedly non -compliant bathroom when other
bathrooms could accommodate her needs.   In addition, with respect to the alarm and exit signs, Brown's alleged
injury is "conjectural or hypothetical" rather than "concrete and particularized" and "actual and imminent" since
Brown states if there was an emergency she was fearful that she "would have a panic attack or become disoriented,

What followed next is a series of discovery disputes and a letter writing campaign that was addressed by United States Magistrate Judge Joel Schneider in an Order dated May 1, 2013. See Dkt. No. 127.   The procedural history recounted above and Magistrate Schneider's Order both explain the "tortured" nature of this litigation and serve to highlight why, after all of this time, this matter remains unresolved.

On July 17, 2013, the Court conducted a telephone conference call to discuss the pending motions and the confusion in the record as to whether any issues remained in the case.   The Court, out an abundance of caution and for the benefit of Plaintiff, explained the need for an evidentiary hearing.   During the call, Defendant again stated that Hello Gorgeous is ADA complaint and that it has been since the inception of the case. Although counsel for Plaintiff claimed that this was the first time he was advised of compliance, he maintained that an issue exists as to Defendant's obligation to maintain compliance.10   On July 30, 2013 this Court denied the motions for summary judgment without prejudice pending an evidentiary hearing. Following the Court's Order, the parties, for various reasons, were unable to appear before the Court for the evidentiary hearing.   In addition, both parties had additional lawyers enter an appearance on the docket.   While this is not customary at such a late hour in the litigation, this Court

---

lose coordination and not be able to find the exit and leave the building." Brown Aff., ¶ 11, Dkt. No. 109-2. Plaintiff's injury must be more than speculative. Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc., 528 U.S. 167, 180 81 (2000).

10  The record in this case demonstrates that as early as 2009, counsel was aware that the bathrooms were compliant. In an email chain attached to the Affidavit of Peter Fiorentino in Opposition to Plaintiff's First Motion for Default, Mr. Fiorentino and Mr. Epstein attempt to resolve the present matter. See Affidavit of Peter Fiorentino in Opposition to Plaintiff's First Motion for Default, dated September 2, 2009, Ex. D, Dkt. No. 51.   Mr. Fiorentino states that settlement is possible if Plaintiff will agree not to pursue claims against other Hello Gorgeous stores in the area. Id. Fiorentino offers to prove all of the Hello Gorgeous stores are in compliance by supplying Plaintiff with pictures demonstrating as much.   Specifically, he states "Of course we will provide pics that they are compliant like the Deptford store." Id. In his response rejecting Mr. Fiorentino's proposed offer of settlement, Mr. Epstein states that "because your client is in compliance with the ADA today does not mean you will be in the future." Id.

welcomed the fresh perspective of the new lawyers, as it became unfortunately clear that the attorneys of record are unable to move the case forward.

On December 11, 2013, the Court conducted an evidentiary hearing to determine whether Plaintiff had standing to bring this lawsuit and the parties filed post hearing briefs.   For the reasons that follow, Summary Judgment is granted in favor of Defendant Hello Gorgeous.

## II. Summary Judgment Standard

A court will grant a motion for summary judgment if there is no genuine issue of material fact and if, viewing the facts in the light most favorable to the non-moving party, the moving party is entitled to judgment as a matter of law.   Pearson v. Component Tech. Corp., 247 F.3d 471, 482 n.1 (3d Cir. 2001) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L.Ed.2d 265 (1986)); accord Fed. R. Civ. P. 56 (c).   Thus, this Court will enter summary judgment only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."   Fed. R. Civ. P. 56 (c).

An issue is "genuine" if supported by evidence such that a reasonable jury could return a verdict in the nonmoving party's favor.   Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L.Ed.2d 202 (1986).   A fact is "material" if, under the governing substantive law, a dispute about the fact might affect the outcome of the suit. Id.   In determining whether a genuine issue of material fact exists, the court must view the facts and all reasonable inferences drawn from those facts in the light most favorable to the nonmoving party.   Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S.

574, 587, 106 S. Ct. 1348, 89 L.Ed.2d 538 (1986).

Initially, the moving party has the burden of demonstrating the absence of a genuine issue of material fact.    Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L.Ed.2d 265 (1986).   Once the moving party has met this burden, the nonmoving party must identify, by affidavits or otherwise, specific facts showing that there is a genuine issue for trial.    Id.; Maidenbaum v. Bally's Park Place, Inc., 870 F. Supp. 1254, 1258 (D.N.J. 1994).   Thus, to withstand a properly supported motion for summary judgment, the nonmoving party must identify specific facts and affirmative evidence that contradict those offered by the moving party.    Andersen, 477 U.S. at 256-57.   Indeed, the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.    Celotex, 477 U.S. at 322.

In deciding the merits of a party's motion for summary judgment, the court's role is not to evaluate the evidence and decide the truth of the matter, but to determine whether there is a genuine issue for trial.    Anderson, 477 U.S. at 249.   Credibility determinations are the province of the finder of fact.    Big Apple BMW, Inc. v. BMW of N. Am., Inc., 974 F.2d 1358, 1363 (3d Cir. 1992).

### III. The Americans With Disabilities Act

Congress enacted the ADA in 1990 to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities and to create a clear, strong, consistent, enforceable standards addressing discrimination

11

against individuals with disabilities. See 42 U.S.C. § 12101(b).   Title III of the ADA

prescribes, as a general rule:

> No individual shall be discriminated against on the basis of
> disability in the full and equal enjoyment of the goods,
> services, facilities, privileges, advantages, or
> accommodations of any place of public accommodation by
> any person who owns, leases (or leases to), operates a place of
> public accommodation.

42 U.S.C. § 12182(a).

Title III provides a private cause of action to persons subjected to disability

discrimination in places of public accommodation. 42 U.S.C. §§ 12182(a), 12188(a)(2).

To state a claim under Title III a plaintiff must demonstrate that: (1) he or she was

discriminated against on the basis of disability; (2) in the full and equal enjoyment of the

goods, services, facilities, privileges, advantages, accommodations of any place of public

accommodations; (3) by any person who owns or operates a place of public

accommodation. 42 U.S.C. § 12182(a); see Bowers v. Nat'l Collegiate Athletic Ass'n, 118

F.Supp. 2d 494, 514 (D.N.J. 2000).   Although the protection afforded by the ADA is

broad, the available remedies are limited to injunctive relief and reasonable attorneys

fees and costs to prevailing plaintiffs. D.B. v. Bloom, 896 F.Supp. 166, 172 (D.N.J. 1995).

Before the Court may reach the merits of the alleged claims, Plaintiff must

establish that she has standing to invoke federal jurisdiction.   The party invoking

federal jurisdiction bears the burden of establishing standing "in the same way as any

other matter on which the plaintiff bears the burden of proof, i.e., with the matter and

degree of evidence required at successive stages of the litigation." Lujan v. Defenders of

Wildlife, 504 U.S. 555, 561 (1992) (internal citations omitted); see Focus v. Allegheny

12

County Ct. of Common Pleas, 75 F.3d 834, 838 (3d Cir. 1996). At the summary judgment stage, Plaintiff cannot rest on mere allegations to establish standing, "but must 'set forth' by affidavit or other evidence, 'specific facts,' which for purposes of the summary judgment motion will be taken to be true." Lujan, 504 U.S. at 561 (citing Fed.R.Civ.P. 56(e)). Thus, to defeat summary judgment, the plaintiff must raise a genuine issue of material fact as to whether the requisite standing elements are satisfied. Celotex, 477 U.S. at 322.

The general requirements of standing are also applicable in ADA cases where, as here, Plaintiff brings suit seeking injunctive relief for violations of Title III. See Doe v. Natl. Bd. of Med. Examr's, 199 F.3d 146, 153 (3d Cir. 1999). Under Title III, a plaintiff has standing to seek injunctive relief only if the plaintiff demonstrates both a past injury in the form of ADA discrimination and a future injury by showing that the injury will likely reoccur when the plaintiff returns to the place of discrimination. See Camarillo v. Carrols Corp., 518 F.3d 153, 158 (2d Cir. 2008); Pickern v. Holiday Quality Foods Inc., 293 F.3d 1133, 1137-38 (9th Cir. 2002). Thus, to satisfy the Constitutional standing requirements Plaintiff must show: she has suffered an "injury in fact" that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. Friends of the Earth, Inc., 528 U.S. at 180-81.

A party seeking prospective injunctive relief must demonstrate a real and immediate, i.e., not speculative, threat of future harm. City of Los Angeles v. Lyons, 461 U.S. 95, 111 (1983).   A plaintiff seeking injunctive relief must also show continuing,

adverse effects from the illegal conduct.   O'Shea v. Littleton, 414 U.S. 488, 495-96 (1974). A plaintiff's "some day" intentions to return to the source of the illegal conduct, without any description of concrete plans, does not support a finding of "actual or imminent" injury. Lujan, 504 U.S. 564; see also Dempsey v. Pistol Pete's Beef N Beer, LLC, Civ. No. 08–5454, 2009 WL 3584597 at *4 (D.N.J. Oct. 26, 2009) ("[I]ntentions to return to the source of the illegal conduct 'some day'-without any description of concrete plans, or indeed even any specification of when the some day will be-do not support a finding of the requisite actual or imminent injury.").

Although there is no Third Circuit precedent directly addressing the contours of the "injury in fact" analysis in ADA cases, several courts in this district have recognized that, it in other contexts, the Third Circuit requires that "a [p]laintiff must suffer a palpable and distinct harm that must affect the plaintiff in a personal and individual way."   Brown v. Showboat Atlantic City Propco, LLC, Civ. No. 08-5145, 2010 WL 5237855, at *7 (D.N.J. Dec. 16, 2010) (quoting Toll Bros, Inc. v. Twp. of Readington, 555 F.3d 131, 137 (3d Cir. 2009)).   As a result, the standing analysis in ADA cases focuses on whether the plaintiff suffered an actual injury rather than whether the statute was violated by the defendants.   See Doe, 199 F.3d at 153.

Courts in New Jersey have applied the following four-factor test to determine whether a future injury is concrete and particularized: (1) the plaintiff's proximity to the defendant's place of public accommodation; (2) the plaintiff's past patronage; (3) the plaintiff's frequency of nearby travel; and (4) the definiteness of the plaintiff's plan to return.   Brown, Civ. No. 08-5145, 2010 WL 5237855, at *8.   On a summary judgment motion to burden is higher than on a motion to dismiss where "general factual

14

allegations of injury resulting from the defendant's conduct may suffice. . . on a motion to dismiss [as] we 'presum[e] that general allegations embrace those specific facts that are necessary to support the claim.'" Lujan, 497 U.S. at 889.   In this regard, Plaintiff's argument that the Court has already ruled, in its Opinion addressing Defendant's Motion to Dismiss, that she has standing is unpersuasive, as on summary judgment Plaintiff must come forth with more than "general allegations."

## IV. Analysis

Defendant denies that Brown was ever in its facility and argues that its bathrooms are, and have always been compliant. There is no evidence of Brown's past patronage of Hello Gorgeous or sufficient definiteness of her plan to return. See Brown, Civ. No. 08-5145, 2010 WL 5237855, at *8. Finally, there is nothing in the record that suggests that the alleged violations continue to exist at Hello Gorgeous in a manner that demonstrates future injury.   Therefore, an evidentiary hearing was required to determine the nature of Plaintiff's ailments and whether she suffered an "injury in fact." Friends of the Earth, Inc., 528 U.S. at 180-81.

1. Past Injury

According to Brown's Amended Complaint, she suffers from fibromyalgia (FMS), Reflex Sympathetic Dystrophy Syndrome (RSD), Traumatic Brain Injury, Colitis, Seizure Disorder, Type 1 Diabetes, Type 2 Diabetes, Spinal Injury, Post-Traumatic Stress Disorder, and Carpal Tunnel Syndrome. (Am. Compl., ¶ 4.) The Third Circuit has stated that "[t]here is certainly no general rule that medical testimony is always necessary to establish disability." Marinelli v. City of Erie, Pa., 216 F.3d 354, 360 (3d Cir. 2000). Although Plaintiff offers only an Affidavit in support of her disability, the Third Circuit

has stated that medical records are unnecessary when the symptoms and "aliments ... are the least technical in nature and are the most amenable to comprehension by a lay jury." Id. Defendant does not meaningfully oppose Plaintiff's disabled status on summary judgment and the Court finds that, at this stage, Plaintiff's evidence supports an inference that she is disabled under the ADA.

There are genuine issues of material fact related to whether Plaintiff actually visited the property and, if so whether she suffered a past injury. Plaintiff, through affidavit and testimony at the hearing, states that she visited Hello Gorgeous on some date in October, 2008. However, Defendants have no record of Plaintiff having an appointment or coming to the salon as a "walk in" during that time frame.   Nonetheless, Tanya Westphal, Defendant's General Manager, testified that although the salon keeps records of all of its clients and that the salon records do not include Plaintiff's visit to the salon, Ms. Westphal cannot say for certain that Ms. Brown did not visit the salon. Viewing the facts in a light most favorable to Plaintiff, the Court accepts that Plaintiff visited the salon for purposes of this motion.

However, there are genuine issues of material fact related to whether or not Plaintiff encountered any barriers during her visit to the salon. Since the inception of this litigation, Hello Gorgeous has maintained that it had ADA compliant bathrooms available at the time of Brown's visit.   See Fiorentino Aff., Jan. 17, 2011, Dkt. No. 73; Transcript; Westphal 28: 15-25; 29: 1-22. In addition, Ms. Westphal testified at the hearing that since the salon opened in 2007, Hello Gorgeous has had at least three bathrooms that are ADA compliant.

The ADA only requires Plaintiff to demonstrate "actual notice" of a facility's

non-compliance with the ADA. 42 U.S.C. § 12188(a)(1).   Although the Third Circuit has

not addressed the issue, other Circuits have held that while plaintiffs "need not engage in

a 'futile gesture' of visiting a building containing known barriers that the owner has no

intention of remedying, see 42 U.S.C. § 12188(a)(1), they must at least prove knowledge

of the barriers and that they would visit the building in the imminent future but for those

barriers." Access 4 All, Inc. v. Boardwalk Regency Corp., Civ. No. 08–3817, 2010 WL

4860565, *4 (D.N.J. Nov. 23, 2010) (citing Steger v. Franco, Inc., 228 F.3d 889, 892 (8th

Cir. 2000)). Plaintiff's Affidavit in this regard suffices to demonstrate that she

encountered the barriers.

      In addition, Ms. Westphal confirmed that the alleged photographs depict a

bathroom that was in the process of being remodeled and may not have been ADA

compliant at the time of Plaintiff's visit.   Defendant argues that not every bathroom

must be compliant.   Plaintiff's Affidavit and testimony fails to demonstrate that the

bathroom she allegedly used is the only bathroom in the facility and that there were no

other compliant bathrooms available to her at the time of her visit. In addition although

she testified that she was directed to the "noncompliant" bathroom by an unidentified

Hello Gorgeous employee, the Court finds that there are credibility issues and other

genuine issues of fact that preclude summary judgment on the determination of past

injury.   There is no evidence that the unspecified employee was aware of Plaintiff's

alleged disabilities and the need to accommodate them.

      At best, there is a genuine issue of material fact as to whether Brown encountered

any barriers during her visit to Hello Gorgeous in 2008.   However, as is further

explained below, because Plaintiff fails to satisfy her burden of demonstrating that she

will continue to encounter the barriers during a future visit to Hello Gorgeous, summary judgment in favor of Defendant is warranted.

    2. Future Injury

    Plaintiff fails to demonstrate a real and immediate threat of future harm. <u>City of Los Angeles</u>, 461 U.S. at 111.   Plaintiff's claims of future injury are speculative and she fails to sufficiently demonstrate concrete plans to return to Hello Gorgeous.   Plaintiff has established the first and fourth elements of the analysis.   She resides in close proximity to the salon and during the evidentiary hearing she sufficiently detailed a history of near-by travel. However, Plaintiff's affidavit fails to state with sufficient certainty that she plans to return to the salon because it does not specify a return date or time frame.   And Brown acknowledges that there is no history of past patronage between herself and the salon; Ms. Brown agreed during the hearing that her October 2008 visit was her first time at the Hello Gorgeous Deptford location.   "[T]he lack of a 'history of past patronage seems to negate the possibility of future injury at [that] particular location." <u>Molski v. Kahn Winery</u>, 405 F.Supp.2d 1160, 1163, 1168 (C.D.Cal. 2005) (dismissing complaint <u>sua</u> <u>sponte</u> despite plaintiff's professed intent to return, where plaintiff visited defendant's winery only once and failed to show a connection to the winery, a preference for defendant's wines, or any ties to the area) (quoting <u>Parr v. L & L Drive–Inn Restaurant</u>, 96 F.Supp.2d 1065, 1079 (D.Haw. 2000); <u>see also</u> <u>Bodley v. Plaza Mgmt. Corp.</u>, 550 F.Supp.2d 1085, 1088 (D.Ariz. 2008) ("While a single visit does not preclude a finding of standing, the lack of a history of past patronage seems to negate the possibility of future injury at that particular location.") (internal citations and quotations omitted).

Although Plaintiff testifies that she has visited the salon at least one additional time during the last five years, she did not specify whether or not she encountered the same barriers alleged in her Amended Complaint.   Moreover, there is nothing in the record that demonstrates that Plaintiff will suffer future injury at Hello Gorgeous. Plaintiff never stated as much when she had the opportunity at the evidentiary hearing. At the evidentiary hearing, Plaintiff never challenged Ms. Westphal's testimony that Hello Gorgeous had other ADA compliant bathrooms available to her at the time of her visit in 2008.   In addition, both parties drew a sketch of the salon which included four bathrooms, which implicitly confirms that Plaintiff agrees that Hello Gorgeous has four bathrooms.   Plaintiff's Affidavits likewise fail to demonstrate future injury.[11]

Finally, Plaintiff's only argument in support of summary judgment is that Defendant's opposition is deficient.[12]   This argument fails to carry Plaintiff's burden of demonstrating standing because she fails to show continuing, adverse effects from the illegal conduct.   O'Shea, 414 U.S. at 495-96; Lujan, 504 U.S. 564.   In addition, although the Court agrees that Defendant's brief is deficient, summary judgment is not automatic. Even when a motion under Fed.R.Civ.P. 56 is unopposed, the rule provides that summary judgment shall be entered against the non-movant "if appropriate." See also Anchorage Assocs. v. V.I. Bd. of Tax Review, 922 F.2d 168, 175 (3d Cir. 1990) (holding

---

11 The undated nature of Plaintiff's affidavit in support of her summary judgment motion as to the Amended Complaint is troubling because it fails to address future injury.   Although Plaintiff states that she has "reasonable grounds" to believe she will continue to be subjected to barriers at the salon, if the Affidavit was made after the filing of the Amended Complaint in 2011, then Plaintiff was on notice by virtue of counsel's affidavit in opposition to the First Summary Judgment Motion, that there was a dispute as to compliance and continued compliance.   As a result, Plaintiff's statement is nothing more than speculation.   She may have visited the salon once since 2008 and cannot state whether the barriers continue to exist.

12 The Court notes that both parties filed deficient briefs in support of their motions.   The majority of the submissions detail the alleged missteps of opposing counsel.   Neither brief offers relevant arguments on the contested issues.   Rather, the briefs are laden with conjecture, hyperbole and bald statements.

19

that even when a motion for summary judgment is unopposed the district court must determine whether the moving party is entitled to judgment as a matter of law); see also O'Campo v. Ghoman, 08-CV-1624, 2008 WL 3934422, *4 (E.D. Cal. July 29, 2013) (denying plaintiff's unopposed motion for summary judgment on his claims under the ADA for failure to demonstrate standing to pursue injunctive relief because plaintiff did not sufficiently show a "likelihood [that he] will be wronged again[.]").   Given the record in this case, the Court finds that Plaintiff is not entitled to summary judgment on her claims and that Plaintiff fails to demonstrate requisite standing for injunctive relief.   As a result, summary judgment is granted in favor of Defendant Hello Gorgeous.

### V. Conclusion

For the reasons stated herein, Plaintiff's Motion for Summary Judgment [Dkt. No. 109] is denied and Defendant Hello Gorgeous' Motion for Summary Judgement [Dkt. No. 110] is granted.   Plaintiff fails to demonstrate requisite standing to seek injunctive relief.

In addition, Plaintiff's claims against the remaining Defendants Maggios Pizza and Pasta and Mt. Fuji Restaurant are dismissed without prejudice for failure to prosecute.

An appropriate Order shall issue.


Dated: March 11, 2014


                 s/ Joseph H. Rodriguez
                Hon. Joseph H. Rodriguez,
                United States District Judge

21